IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SEANETTE JOHNSON,

    Plaintiff,

v.                                                    No. 1:11-cv-01047-JDB-egb

TOTAL RENAL CARE, INC.,
d/b/a/ DAVITA DIALYSIS,
d/b/a NORTH JACKSON DIALYSIS,

    Defendant.

___

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO STRIKE

___

This matter is before the Court on Defendant, Total Renal Care, Inc.'s ("Total Renal"), motion to strike Plaintiff, Seanette Johnson's, corrected response to its statement of undisputed material facts in support of summary judgment. (Docket Entry ("D.E.") No. 26.) On December 15, 2011, the Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56. (D.E. No. 12.) As required by Local Rule 56.1(a), Defendant submitted a statement of undisputed material facts in support of its motion. (D.E. No. 12-2.) The Plaintiff filed a response to Total Renal's motion on January 12, 2012. (D.E. No. 13.) Johnson also responded to Defendant's statement of facts pursuant to Local Rule 56.1(b). (D.E. No. 13-2.) That section requires a party opposing summary judgment to address each material fact of the movant by either:

    **(1)** agreeing that the fact is undisputed;

    **(2)** agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or

    **(3)** demonstrating that the fact is disputed.

LR 56.1(b), Local Rules. The non-movant must support each disputed fact with a specific citation to the record. Id.

On January 26, Total Renal moved to strike the Plaintiff's response to its statement of facts on the grounds that many of her responses did not address its facts in conformity with the Local Rules. (D.E. No. 16.) The Court agreed and directed Johnson to submit a corrected response "by either (1) agreeing that the fact is undisputed, (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only, or (3) demonstrating that the fact is disputed with a *concise* explanation and specific citation to the portion of the record creating the dispute." (D.E. No. 19 at 4.) It also warned Plaintiff that responses not in compliance with the Local Rule would be deemed admissions to the Defendant's fact. (Id. at 5.)

On March 2, Johnson filed a corrected response to Total Renal's statement of facts, which in the Court's view was more in line with the Local Rule's requirements.[1] However, the Defendant, still unsatisfied with the Plaintiff's response, again moved to strike the Plaintiff's response and have the Court deem admitted certain statements of fact. (D.E. No. 26.) Specifically, Defendant contends that the Plaintiff's responses to paragraphs 11, 12, 14 and 15 do not comply with the Local Rules.

Total Renal first takes issue with the Plaintiff's response to paragraph eleven of its statement of facts. There, the Defendant stated that "Plaintiff never provided [it] a prescription for the 'sample' Analgesic." (Def.'s Stmt. of Undisputed Material Facts ¶ 11, D.E. No. 12-2.) Johnson disputed that fact, insisting that she "received a prescription medication of Butalbial ordered by Dr. Steven Weaver for the work related injury at Davita on December 26, 2009."

---

[1] Because the Plaintiff complied with the Court's order by submitting a revised response, the Defendant's original motion to strike (D.E. No. 16) is DENIED as moot.

(Pl.'s Corrected Resp. to Def.'s Stmt. of Undisputed Material Facts ¶ 11, D.E. No. 25.) While Johnson may in fact have been prescribed the sample medication because it was given to her by a medical professional, the crux of paragraph eleven addresses whether she *provided* that prescription to the Defendant. The Plaintiff has presented no evidence to contradict Defendant's assertion that she did not. Accordingly, paragraph eleven is deemed admitted for the purposes of ruling on the motion for summary judgment.[2]

Defendant next challenges Plaintiff's response to paragraph twelve, where it stated that "[u]pon receipt of Plaintiff's test results, Defendant's People Services Manager, Yolanda Fowler, made the decision to terminate Plaintiff's employment based on her belief that Plaintiff had Barbiturates and Butalbital in her system in violation of Defendant's drug-free workplace policy." (Def.'s Stmt. of Undisputed Material Facts ¶ 12, D.E. No. 12-2.) To support this fact, Total Renal cited portions of the Plaintiff's deposition. Johnson objected on the basis that her deposition did not support the Plaintiff's fact. After reviewing the deposition testimony, the Court finds that the cited passages do not address whether Fowler fired Johnson because of her drug test. Thus, Plaintiff's denial is a valid one.

In paragraph fourteen, Total Renal stated that "Plaintiff admits she does not know whether Ms. Fowler knew about her workers' compensation claim at the time she made the termination decision." (Def.'s Stmt. of Undisputed Material Facts ¶ 14, D.E. No. 12-2.) When asked in her deposition if she "[knew] whether Yolanda Fowler was aware that [she] had filed a Workers' Compensation claim," Plaintiff answered "I'm not for sure." (Johnson Depo. 189, D.E.

---

[2] The Court notes that "striking" the Plaintiff's response would not be procedurally proper because only pleadings are attackable through a motion to strike. See, e.g., Moore v. Baptist Mem'l Coll. of Health Scis., No. 08-2311 Ma/P, 2010 WL 100551, at *3 n.2 (W.D. Tenn. Jan. 7, 2010) ("As Weaver's deposition transcript is not a 'pleading' that is subject to a motion to strike, the court will not strike the exhibit but rather will disregard the inadmissible portion in deciding the Partial Motion for Summary Judgment."). Instead, the Court will simply deem the fact admitted.

No. 12-4.) Plaintiff disputed this fact on the basis she did not "admit" the information in paragraph fourteen but simply stated that she did know its truth. (Pl.'s Corrected Resp. to Def.'s Stmt. of Undisputed Material Facts ¶ 14, D.E. No. 25.) Johnson is splitting hairs on this point. The question asked if Plaintiff had personal knowledge of whether Fowler knew about the workers' compensation claim, and her answer reflects that she does not. The Court will deem paragraph fourteen admitted for summary judgment purposes.[3]

Finally, Defendant objects to the Plaintiff's denial of a portion of paragraph fifteen, which stated that "Plaintiff also concedes she is not aware of any employees who failed a drug test and were not terminated." (Def.'s Stmt. of Undisputed Material Facts ¶ 15, D.E. No. 12-2.) Johnson objected to this fact on the basis that her actual answer during her deposition was "I'm not for sure." (Johnson Depo. 96, D.E. No. 12-4; Pl.'s Corrected Resp. to Def.'s Stmt. of Undisputed Material Facts ¶ 15, D.E. No. 25.) Plaintiff insists that she did not concede that no other employees failed a drug test and were not terminated. Whether Johnson's answer was "I'm not aware of any" or "I'm not for sure," she has not cited to the Court any evidence of another employee of the Defendant who failed a drug test and was not fired. Total Renal's motion is well-taken on this point, and the Court will deem paragraph fifteen admitted for the purposes of ruling on the motion for summary judgment.

IT IS SO ORDERED this 15th day of March, 2012.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] Although the Plaintiff herself may not be privy to Fowler's knowledge at the time she made the termination decision, she is not precluded from presenting other evidence to prove that Fowler was aware of her claim.